UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN ORTIZ, JR., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. C-05-573 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION AND ORDER TO REMAND**

On May 1, 2006, the United States Magistrate Judge filed a Memorandum and Recommendation (D.E. 11). Plaintiff timely filed an objection on May 10, 2006. (D.E. 12). Having reviewed de novo the pleadings, evidence, and objections, the Court remands this case to the Administrative Law Judge ("ALJ") for reconsideration consistent with this opinion.

Judicial review of the Commissioner's decision regarding a claimant's entitlement to disability benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Carey v. Apfel*, 230 F.3d. 131, 135 (5th Cir. 2000).

Plaintiff objects to the Commissioner's use of proper legal standards to evaluate the evidence. Specifically, plaintiff argues the ALJ failed to perform the required analysis of his treating physician according to 20 C.F.R. § 404.1527(d). The Court agrees.

1

Under the Social Security Administration regulations, the opinion of a treating physician familiar with the claimant's impairments and treatments should be accorded great weight in determining disability. *Newton*, 209 F.3d at 455–456; 20 C.F.R. § 1527. If the treating physician's opinion on the nature and severity of a patient's impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ is supposed to give the opinion controlling weight. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (applying 20 C.F.R.§ 404.1527(d)(2)).

The ALJ can decrease reliance on a treating physician's opinion for good cause, like where the opinion consists of brief conclusory statements that are unsupported by medically acceptable clinical laboratory diagnostic techniques . *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). However, if there is no reliable medical evidence from another physician controverting the claimant's treating physician, an ALJ can reject the treating physician's opinion *only* if the ALJ performs a detailed analysis of the treating physician's views under 20 C.F.R.§  404.1527(d)(2). *Newton*, 209 F.3d at 453 (holding that an ALJ is required to consider each of the § 404.1527(d) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion). This means the ALJ must address and analyze the following factors: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the support of the physician's opinion afforded by the medical evidence of record, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating physician. *Id.*

2

at 455–456; 20 C.F.R. § 404.1527 (d)(2) (2006). Additionally, if the ALJ determines that the treating physician's findings are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician. 20 C.F.R.§ 404.1512(e) (2006); *Newton*, 209 F.3d at 455–456.

Here, plaintiff argues the ALJ failed to properly credit the opinions of his treating physician regarding his physical limitations. Dr. John M. Borkowski ("Dr. Borkowski"), who focuses on spine surgery, has been the plaintiff's treating physician since 2003. Dr. Borkowski completed a functional capacities evaluation of the plaintiff on March 7, 2005. (D.E. 8, Tr. 271). In the evaluation, Dr. Burkowski's opinion was that plaintiff suffered from permanent lumbar nerve damage, as well as a right foot drop. (D.E. 8, Tr. 271). The report states that Dr. Borkowski believed plaintiff was unable to work eight hours per day five days in a week, and unable to perform sitting, standing, and walking consistently for up to two hours without having to take an unreasonable number and length of rest periods. (D.E. 8, Tr. 271).

The ALJ found Dr. Borkowski "not to be credible" because there were no clinic notes indicating how Dr. Borkowski's assessment was derived, nor evidence that Dr. Borkowski examined the patient in conjunction with the functional capacities evaluation. (D.E. 8, Tr. 13). Had the ALJ given Dr. Borkowski's opinion controlling weight, the ALJ would have found plaintiff disabled. (D.E. 11, at 11). Instead, the ALJ found that plaintiff was able to do a limited range of light work and also sedentary work with a sit/stand option. *See* 20

C.F.R. § 404.1567(a)–(b) (2006) (defining light and sedentary work). Based on this finding, the ALJ decided that plaintiff was not eligible for Supplemental Security Income payments. (D.E. 8, Tr. 16).

The ALJ stated a proper legal basis for decreasing reliance on Burkowski's testimony—the lack of objective medical evidence supporting Burkowski's opinion. *Legget*, 67 F.3d at 566. However, the lack of objective evidence is not itself sufficient to reject Borkowski's opinion. The ALJ considered no evidence from an another physician that *contradicts* Borkowski's assessment of the plaintiff's physical limitations.[1] *See* 20 C.F.R. § 404.1527(d)(2); *Newton*, 209 F.3d at 453. As such, the only way that the ALJ could reject Borkowski's findings in accordance with proper legal standards was by performing a detailed analysis of Borkowski under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). The ALJ failed to make this analysis. Specifically, the ALJ failed to consider the third and fourth factors of § 404.1527(d)(2)—the support of the physician's opinion afforded by the medical evidence of record, and the consistency of the opinion with the record as a whole. The ALJ also failed to seek clarification or additional evidence from Borkowski, as required under the circumstances by 20 C.F.R. § 404.1512(e). *Newton*, 209 F.3d at 455–456. The ALJ did not use the proper legal standards in evaluating Borkowski's findings. *Id.*

Reversal of the ALJ's decision for failing to seek clarification or additional evidence

---

1. Notes from other attending physicians, Dr. David Foster and Philip Willman, were also before the ALJ. (D.E. 8 at 112–147). This evidence, the most recent of which is from 2003, does not contradict Burkoski, but rather supports his opinion. The ALJ did not mention or discuss this evidence in his analysis of Dr. Burkowski.

is appropriate only if it is apparent that the applicant was prejudiced. *Ripley*, 67 F.3d at 557; *Newton*, 209 F.3d at 458. Because the ALJ would have found plaintiff disabled had he given Borkowski's opinion controlling weight (D.E. 11, at 11), plaintiff suffered the requisite prejudice. *Newton*, 209 F.3d at 458.

The ALJ improperly rejected the opinion of the plaintiff's treating physician by failing to consider it under 20 C.F.R.§ 404.1527(d)(2), and by failing to seek clarification or additional evidence under 20 C.F.R.§ 404.1512(e). The Court GRANTS Plaintiff's Motion for Summary Judgment (D.E. 7), DENIES Defendant's Motion for Summary Judgment (D.E. 9), and REMANDS this case to the Administrative Law Judge for reconsideration consistent with 20 C.F.R. §§ 404.1512(e), 404.1527(d)(2). The Court express no opinion on whether the plaintiff is entitled to disability or social security benefits.

ORDERED this 7th day of March, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE